**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 15-24067-CIV-ALTONAGA/O'Sullivan**

| | |
|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE COCA-COLA COMPANY, | ) ) |
| Defendant. | ) |

**DEFENDANT THE COCA-COLA COMPANY'S ANSWER
AND AFFIRMATIVE DEFENSES**

Defendant The Coca-Cola Company ("Coca-Cola" or "Defendant") hereby submits its Answer and Affirmative Defenses in response to Plaintiff Rothschild Connected Devices Innovations, LLC's ("Plaintiff") Complaint for Patent Infringement ("Complaint").

**ANSWER**

**THE PARTIES**

1. Coca-Cola lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and, therefore, denies them.

2. Coca-Cola admits that it is a Delaware corporation with its principal place of business in Atlanta, Georgia.

**JURISDICTION AND VENUE**

3. Coca-Cola admits that Plaintiff purports to have filed an action for patent infringement under the patent laws of the United States, including 35 U.S.C. § 271, *et seq*.

1

4. Coca-Cola admits that this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Coca-Cola denies, however, infringing any claim of U.S. Patent Nos. 8,417,377 ("the '377 Patent") and 8,788,090 ("the '090 Patent") (collectively, "the Patents-in-Suit"). Coca-Cola denies the remaining allegations of Paragraph 4 of the Complaint.

5. Coca-Cola admits that it has transacted business in Florida, is registered to do business in Florida, and is subject to personal jurisdiction in Florida. Coca-Cola denies that it has infringed any claims of the Patents-in-Suit within Florida or caused tortious injury in Florida, related to the claims of this action. Coca-Cola denies the remaining allegations of Paragraph 5 of the Complaint.

6. Coca-Cola denies the allegations of Paragraph 6 of the Complaint.

## ROTHSCHILD'S PATENTS

7. Coca-Cola admits that the '377 Patent is entitled "System and Method for Creating a Personalized Consumer Product." Coca-Cola admits that what appears to be a copy of the '377 Patent was attached to the Complaint as Exhibit A. Coca-Cola admits that Leigh Rothschild is identified as an inventor on the '377 Patent. Coca-Cola lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint, and, therefore, denies them.

8. Coca-Cola admits that the '090 Patent is entitled "System and Method for Creating a Personalized Consumer Product." Coca-Cola admits that what appears to be a copy of the '090 Patent was attached to the Complaint as Exhibit B. Coca-Cola admits that Leigh Rothschild is identified as an inventor on the '090 Patent. Coca-Cola lacks sufficient knowledge

and information to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint, and, therefore, denies them.

      9.      Coca-Cola lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and, therefore, denies them.

      10.      Coca-Cola admits that the '377 Patent includes the text quoted in Paragraph 10 of the Complaint.  Coca-Cola lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint, and, therefore, denies them.

      11.      Coca-Cola admits that Claim 1 of the '377 Patent includes the text quoted in Paragraph 11 of the Complaint.  Coca-Cola lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint, and, therefore, denies them.

      12.      Coca-Cola admits that Claim 11 of the '377 Patent includes the text quoted in Paragraph 12 of the Complaint.  Coca-Cola lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint, and, therefore, denies them.

      13.      Coca-Cola lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and, therefore, denies them.

      14.      Coca-Cola admits that the '090 Patent includes the text quoted in Paragraph 14 of the Complaint.  Coca-Cola lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint, and, therefore, denies them.

**COCA-COLA'S FREESTYLE BEVERAGE DISPENSER**

      15.      Coca-Cola admits that it makes, uses, offers to sell, and sells the Freestyle dispenser, which is capable of dispensing more than 100 branded beverages.  Coca-Cola lacks

sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and, therefore, denies them.

16. Coca-Cola denies the allegations of Paragraph 16 of the Complaint.

17. Coca-Cola admits that the Freestyle dispenser has a touchscreen user interface that permits a user to select a desired beverage. Coca-Cola lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint, and, therefore, denies them.

18. Coca-Cola admits that the Freestyle dispenser uses micro-ingredient cartridges that may have RFID tags affixed to them. Coca-Cola admits that the Freestyle dispenser can be connected to the Internet over a wired Ethernet connection. Coca-Cola lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint, and, therefore, denies them.

19. Coca-Cola admits that it distributes a Coca-Cola Freestyle software application that a user can download to operate on a mobile device to identify a Freestyle dispenser located near the user, and to access a user's favorite beverage. Coca-Cola lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint, and, therefore, denies them.

20. Coca-Cola admits that the text quoted in Paragraph 20 can be found at the Internet address identified in Paragraph 20. Coca-Cola lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint, and, therefore, denies them.

**COCA-COLA FREESTYLE'S INFRINGEMENT OF THE '377 PATENT**

21. Coca-Cola denies the allegations of Paragraph 21 of the Complaint.

### a.      Coca-Cola's Infringement of Claim 1 of the '377 Patent.

22.     Coca-Cola denies the allegations of Paragraph 22 of the Complaint.

23.     Coca-Cola denies the allegations of Paragraph 23 of the Complaint.

24.     Coca-Cola denies the allegations of Paragraph 24 of the Complaint.

25.     Coca-Cola denies the allegations of Paragraph 25 of the Complaint.

26.     The allegations in Paragraph 26 contain either legal conclusions to which no answer is required or allegations for which Coca-Cola lacks knowledge or information to form a belief as to the truth and therefore denies them.  To the extent an answer to any factual allegations not otherwise addressed herein is required Coca-Cola denies said allegation.

27.     Coca-Cola denies the allegations of Paragraph 27 of the Complaint.

### b.      Coca-Cola's Infringement of Claim 11 of the '377 Patent.

28.     Coca-Cola denies the allegations of Paragraph 28 of the Complaint.

29.     Coca-Cola denies the allegations of Paragraph 29 of the Complaint..

30.     Coca-Cola denies the allegations of Paragraph 30 of the Complaint.

31.     Coca-Cola denies the allegations of Paragraph 31 of the Complaint.

32.     Coca-Cola lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and, therefore, denies them.

33.     Coca-Cola lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and, therefore, denies them.

### COCA-COLA FREESTYLE'S INFRINGEMENT OF THE '090 PATENT

34.     Coca-Cola denies the allegations of Paragraph 34 of the Complaint.

35.     Coca-Cola denies the allegations of Paragraph 35 of the Complaint.

36.     Coca-Cola denies the allegations of Paragraph 36 of the Complaint.

37. Coca-Cola lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and, therefore, denies them.

38. Coca-Cola lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and, therefore, denies them.

## COUNT I
### (Infringement of the '377 Patent)

39. Coca-Cola reasserts its answers to Paragraphs 1 through 38 of the Complaint and incorporates them herein by reference.

40. Coca-Cola denies the allegations of Paragraph 40 of the Complaint.

41. Coca-Cola denies the allegations of Paragraph 41 of the Complaint.

42. Coca-Cola denies the allegations of Paragraph 42 of the Complaint.

43. Coca-Cola denies the allegations of Paragraph 43 of the Complaint.

## COUNT II
### (Infringement of the '090 Patent)

44. Coca-Cola reasserts its answers to Paragraphs 1 through 38 of the Complaint and incorporates them herein by reference.

45. Coca-Cola denies the allegations of Paragraph 45 of the Complaint.

46. Coca-Cola denies the allegations of Paragraph 46 of the Complaint.

47. Coca-Cola denies the allegations of Paragraph 47 of the Complaint.

48. Coca-Cola denies the allegations of Paragraph 48 of the Complaint.

## PRAYER FOR RELIEF

Coca-Cola denies that Plaintiff is entitled to any relief, including that listed on page 13 of the Complaint.

**JURY DEMAND**

To the extent that this section of Plaintiff's Complaint makes any allegations, statements, assertions, or averments, they are denied.

**GENERAL DENIAL**

All allegations, averments, statements, and/or assertions that are not expressly admitted are herein denied.

**AFFIRMATIVE DEFENSES**

Coca-Cola hereby asserts the following affirmative and other defenses to the claims and allegations contained in the Complaint. Coca-Cola reserves the right to seek leave to amend its Answer and Affirmative Defenses to plead additional defenses and counterclaims and/or to supplement its existing defenses.

**First Defense (Non-Infringement)**

Coca-Cola does not infringe and has not infringed any claim of the Patents-in-Suit.

**Second Defense (Invalidity)**

The claims of each of the Patents-in-Suit are invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 120.

**Third Defense (Enforceability — Laches, Estoppel, Acquiescence, and Waiver)**

Plaintiff is barred in whole or in part by the doctrines of laches, estoppel, acquiescence, and/or waiver from enforcing the Patents-in-Suit against Coca-Cola.

**Fourth Defense (Failure to State a Claim)**

Plaintiff has failed to state a claim upon which relief can be granted.

### Fifth Defense (Forum Non Conveniens)

This judicial district is not the most convenient forum in which to litigate this case, and Coca-Cola contends that it should be transferred to the Northern District of Georgia pursuant to 28 U.S.C. § 1404.

### Other Defenses

Coca-Cola continues to investigate its defenses, and expressly reserves the right to allege and assert additional affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, the patents laws of the United States and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

Respectfully submitted, this 14th day of December, 2015.

*/s/ Jeremy T. Elman*
Jeremy T. Elman, Esq.
Florida Bar No. 37448
DLA PIPER LLP
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131
Telephone: (305) 423-8514
Facsimile: (305) 503-7551
Email: jeremy.elman@dlapiper.com

OF COUNSEL:
A. Shane Nichols
*(pro hac vice* application to be filed)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309
Telephone:  (404) 881-7000
Facsimile:  (404) 881-7777
Email:  shane.nichols@alston.com

**ATTORNEYS FOR
THE COCA-COLA COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 14th, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all attorneys of record in this case.

                                                  */s/ Jeremy T. Elman*
                                                  Jeremy T. Elman
                                                  Florida Bar No. 37448