## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

### ATLANTA DIVISION

|  |  |
|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE COCA-COLA COMPANY, <br><br> Defendant. | Civil Action No. 1:16-cv-01241-TWT |

## PLAINTIFF ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC'S MOTION TO COMPEL DISCOVERY RESPONSES

Plaintiff Rothschild Connected Devices Innovations, LLC ("RCDI") hereby moves, pursuant to Federal Rule of Civil Procedure 37, for the entry of an Order compelling Defendant The Coca-Cola Company ("Coca-Cola") to completely answer written interrogatories in the manner required by Federal Rule of Civil Procedure 33 and to permit an inspection pursuant to Federal Rule of Civil Procedure 34. In support of this Motion, RCDI states as follows:

## PERTINENT FACTS

On March 23, 2016, when this case was pending before the Southern District of Florida, RCDI served its Requests for Inspection whereby RCDI requested to inspect a Freestyle beverage dispenser and certain of its component parts. *See* Ex.

1. On March 28, 2016, RCDI served its Second Set of Interrogatories, asking Coca-Cola to identify patent numbers associated with its Freestyle beverage dispenser and Coca-Cola's Freestyle software application. *See* Ex. 2.

Thereafter, on April 15, 2016, the case was transferred to this district from the Southern District of Florida.

Coca-Cola's counsel advised that they are not, "of course, willing to entertain [RCDI's] . . . claim that responses to those requests were somehow due while the case was terminated in the Southern District of Florida . . . ." *See* Composite Ex. 3 at 3).

Despite persistent and repeated attempts by RCDI to obtain the discovery from Coca-Cola, nearly eleven months elapsed before, on February 27, 2017, Coca-Cola served its Objections and Responses to RCDI's Second Set of Interrogatories (Ex. 4) and its Objections and Responses to RCDI's Requests for Inspection (Ex. 5).

## ARGUMENT

It is well settled that the transferee court picks up where the transferor court left off. *See* 15 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure – Jurisdiction and Related Matters* § 3846 (4th ed. 2017) ("When an action is transferred, it remains in the posture it was in and all further proceedings in the action merely are referred to and determined by the transferee tribunal. This

leaves in place whatever already has been done in the transferor court."). Indeed, "the transfer order does not terminate the action. Rather, for all purposes, including tolling of the statute of limitations, the action is ongoing." *Id.* (internal citations omitted).

In an ongoing action such as the case *sub judice*, "when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived." *Bailey Indus., Inc. v. CLJP, Inc.,* 270 F.R.D. 662, 668 (N.D. Fla. 2010) (citing *In re United States,* 864 F.2d 1153, 1156 (5th Cir. 1989)). This is true even when the party objects to disclosure because it claims that the information sought is privileged. *Fonville v. District of Columbia,* 230 F.R.D. 38, 42 (D.D.C. 2005), *cited by Romacorp, Inc. v. Prescient, Inc.,* No. 10-22872-Civ, 2011 WL 2312563 at *2 (S.D. Fla. Jun. 8, 2011). A party may only avoid waiver of its untimely objections by either requesting an extension of time to respond or showing good cause to excuse its delay. *Ormeno v. 3624 Ga. Ave., Inc.,* 309 F.R.D. 29 (D.D.C. 2015).

Waiver is not automatic, but will be enforced if, for example, a party has been neglectful or, worse, their inaction is part of "a larger, calculated strategy of noncompliance." *Ransom v. M. Patel Enters., Inc.,* 2011 WL 3439255 at *3 (W.D. Tex. Aug. 5, 2011) (cite omitted), *quoted by Scruggs v. Int'l Paper Co.*, 278 F.R.D. 698, 700 n.4 (S.D. Ga. 2012).

Coca-Cola's belatedly-served Objections and Responses to RCDI's Second Set of Interrogatories and Requests for Inspection are, as the documents' names suggest, replete with objections. Coca-Cola has neither requested an extension of time nor shown good cause to excuse its delayed filing of objections. Instead, Coca-Cola has advised that it is "not willing to entertain" RCDI's claim that Coca-Cola was required to respond to discovery in the time and manner contemplated by the Federal Rules of Civil Procedure notwithstanding the change of venue. *See* Comp. Ex. 3 at 3. Coca-Cola's admitted unwillingness to meaningfully engage in discovery, despite its obligation to do so, has prevented RCDI from discovering matters relevant to its claims and, as a result, has prejudiced RCDI.

I.    The Interrogatories

**RCDI'S Interrogatory 1:**

> Identify the patent number(s) marked on each Freestyle 9000 beverage dispenser or on any literature associated therewith and describe the manner and location of marking, the exact wording used, and the date range during which the Freestyle 9000 beverage dispenser was marked with each patent(s) identified.

Coca-Cola objected to this interrogatory on the grounds that it: (a) is overly broad; (b) is unduly burdensome; (c) seeks information that is subject to the attorney-client privilege and/or work product doctrine; (d) seeks information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence; (e) uses the term "any literature," which is

vague and ambiguous; and (f) seeks information that is proprietary and/or confidential.

Coca-Cola's above-stated objections should be waived because Coca-Cola has failed to timely object to the interrogatory. *Bailey Indus., Inc.* 270 F.R.D. at 668. The same result should render even though Coca-Cola's objections are based, in part, upon a claim of privilege. *Fonville,* 230 F.R.D. at 42. Coca-Cola filed to request an extension of time to respond to the interrogatory and has failed to show good cause to excuse its delay. *Ormeno,* 309 F.R.D. 29.

**RCDI'S Interrogatory 2:**

> Identify the patent number(s) marked on each Freestyle 8000 beverage dispenser or on any literature associated therewith and describe the manner and location of marking, the exact wording used, and the date range during which the Freestyle 8000 beverage dispenser was marked with each patent(s) identified.

Coca-Cola objected to this interrogatory on the grounds that it: (a) is overly broad; (b) is unduly burdensome; (c) seeks information that is subject to the attorney-client privilege and/or work product doctrine; (d) seeks information not relevant to the claim or defense of any party (specifically because the interrogatory seeks information related to the Freestyle 8000, which "does not utilize the Freestyle app"); (e) uses the term "any literature," which is vague and ambiguous; and (f) seeks information that is proprietary and/or confidential.

Coca-Cola's above-stated objections should be waived because Coca-Cola

has failed to timely object to the interrogatory. *Bailey Indus., Inc.* 270 F.R.D. at 668. The same result should render even though Coca-Cola's objections are based, in part, upon a claim of privilege. *Fonville,* 230 F.R.D. at 42. Coca-Cola filed to request an extension of time to respond to the interrogatory and has failed to show good cause to excuse its delay. *Ormeno,* 309 F.R.D. 29.

**RCDI's Interrogatory 3:**

> Identify the patent number(s) marked on each Freestyle 7000 beverage dispenser or on any literature associated therewith and describe the manner and location of marking, the exact wording used, and the date range during which the Freestyle 7000 beverage dispenser was marked with each patent(s) identified.

Coca-Cola objected to this interrogatory on the grounds that it: (a) is overly broad; (b) is unduly burdensome; (c) seeks information that is subject to the attorney-client privilege and/or work product doctrine; (d) seeks information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence; (e) uses the term "any literature," which is vague and ambiguous; and (f) seeks information that is proprietary and/or confidential.

Coca-Cola's above-stated objections should be waived because Coca-Cola has failed to timely object to the interrogatory. *Bailey Indus., Inc.* 270 F.R.D. at 668. The same result should render even though Coca-Cola's objections are based, in part, upon a claim of privilege. *Fonville,* 230 F.R.D. at 42. Coca-Cola filed to

request an extension of time to respond to the interrogatory and has failed to show good cause to excuse its delay. *Ormeno,* 309 F.R.D. 29.

**RCDI's Interrogatory 4:**

> Identify the patent number(s) marked on the Freestyle app or on any literature associated therewith and describe the manner and location of marking, the exact wording used, and the date range during which the Freestyle app was marked with each patent(s) identified.

Coca-Cola objected to this interrogatory on the grounds that it: (a) is overly broad; (b) is unduly burdensome; (c) seeks information that is subject to the attorney-client privilege and/or work product doctrine; (d) seeks information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence; (e) uses the term "any literature," which is vague and ambiguous; and (f) seeks information that is proprietary and/or confidential.

Coca-Cola's above-stated objections should be waived because Coca-Cola has failed to timely object to the interrogatory. *Bailey Indus., Inc.* 270 F.R.D. at 668. The same result should render even though Coca-Cola's objections are based, in part, upon a claim of privilege. *Fonville,* 230 F.R.D. at 42. Coca-Cola filed to request an extension of time to respond to the interrogatory and has failed to show good cause to excuse its delay. *Ormeno,* 309 F.R.D. 29.

## II.     Requests for Inspection

**RCDI's Request 1:**

A production model of the Freestyle 9000 beverage dispenser.

Coca-Cola objected to this request for inspection on the grounds that: (a) it is overbroad; (b) it is unduly burdensome; (c) it calls for information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence; (d) it is vague and ambiguous because it fails to specify the proposed manner and time period of the inspection; (e) it calls for confidential business information and/or competitively sensitive documents and information; (f)  the term "production model" is vague and ambiguous, and fails to describe the requested inspection with sufficient particularly to enable Coca-Cola to meaningfully respond; and (g) it seeks the inspection of information outside the possession, custody, or control of Coca-Cola.

Coca-Cola's above-stated objections should be waived because Coca-Cola has failed to timely object to the requests for inspection and, thus, its objections should be deemed waived. *Bailey Indus., Inc.* 270 F.R.D. at 668. The same result should render even though Coca-Cola's objections are based, in part, upon a claim of privilege. *Fonville,* 230 F.R.D. at 42. Coca-Cola neither filed a request for an extension of time to respond to the request for inspection nor showed good cause to excuse its delay. *Ormeno,* 309 F.R.D. 29.

**RCDI's Request 2:**

A production model of the Freestyle 8000 beverage dispenser.

Coca-Cola objected to this request for inspection on the grounds that: (a) it is overbroad; (b) it is unduly burdensome (specifically because it seeks production of things related to the Freestyle 8000 which "does not utilize the Freestyle app"; (c) it is vague and ambiguous because it fails to specify the proposed manner and time period of the inspection; (d) it calls for confidential business information and/or competitively sensitive documents and information; (e) the term "production model" is vague and ambiguous, and fails to describe the requested inspection with sufficient particularly to enable Coca-Cola to meaningfully respond; and (f) it seeks the inspection of information outside the possession, custody, or control of Coca-Cola.

Coca-Cola's above-stated objections should be waived because Coca-Cola has failed to timely object to the requests for inspection and, thus, its objections should be deemed waived. *Bailey Indus., Inc.* 270 F.R.D. at 668. The same result should render even though Coca-Cola's objections are based, in part, upon a claim of privilege. *Fonville,* 230 F.R.D. at 42. Coca-Cola neither filed a request for an extension of time to respond to the request for inspection nor showed good cause to excuse its delay. *Ormeno,* 309 F.R.D. 29.

**RCDI's Request 3:**

A production model of the Freestyle 7000 beverage dispenser.

Coca-Cola objected to this request for inspection on the grounds that: (a) it is overbroad; (b) it is unduly burdensome; (c) it is vague and ambiguous because it fails to specify the proposed manner and time period of the inspection; (d) it calls for confidential business information and/or competitively sensitive documents and information; (e) the term "production model" is vague and ambiguous, and fails to describe the requested inspection with sufficient particularly to enable Coca-Cola to meaningfully respond; and (f) it seeks the inspection of information outside the possession, custody, or control of Coca-Cola.

Coca-Cola's above-stated objections should be waived because Coca-Cola has failed to timely object to the requests for inspection and, thus, its objections should be deemed waived. *Bailey Indus., Inc.* 270 F.R.D. at 668. The same result should render even though Coca-Cola's objections are based, in part, upon a claim of privilege. *Fonville,* 230 F.R.D. at 42. Coca-Cola neither filed a request for an extension of time to respond to the request for inspection nor showed good cause to excuse its delay. *Ormeno,* 309 F.R.D. 29.

**RCDI's Request 4:**

A production model of the Freestyle 9000 micro-ingredient cartridge.

Coca-Cola objected to this request for inspection on the grounds that: (a) it is overbroad; (b) it is unduly burdensome; (c) it is vague and ambiguous because it

fails to specify the proposed manner and time period of the inspection; (d) it calls for confidential business information and/or competitively sensitive documents and information; (e) the term "production model" is vague and ambiguous, and fails to describe the requested inspection with sufficient particularly to enable Coca-Cola to meaningfully respond; (f) it seeks the inspection of information outside the possession, custody, or control of Coca-Cola; and (g) the term "micro-ingredient cartridge" is overbroad and unduly burdensome to the extent it seeks discovery of information that is not relevant and disproportional to the needs of this litigation.

Coca-Cola's above-stated objections should be waived because Coca-Cola has failed to timely object to the requests for inspection and, thus, its objections should be deemed waived. *Bailey Indus., Inc.* 270 F.R.D. at 668. The same result should render even though Coca-Cola's objections are based, in part, upon a claim of privilege. *Fonville,* 230 F.R.D. at 42. Coca-Cola neither filed a request for an extension of time to respond to the request for inspection nor showed good cause to excuse its delay. *Ormeno,* 309 F.R.D. 29.

**RCDI's Request 5:**

A production model of the Freestyle 8000 micro-ingredient cartridge.

Coca-Cola objected to this request for inspection on the grounds that: (a) it is overbroad; (b) it is unduly burdensome (specifically because the Freestyle 8000 which does not utilize the Freestyle app); (c) it is vague and ambiguous because it

fails to specify the proposed manner and time period of the inspection; (d) it calls for confidential business information and/or competitively sensitive documents and information; (e) the term "production model" is vague and ambiguous, and fails to describe the requested inspection with sufficient particularly to enable Coca-Cola to meaningfully respond; (f) it seeks the inspection of information outside the possession, custody, or control of Coca-Cola; and (g) the term "micro-ingredient cartridge" is overbroad and unduly burdensome to the extent it seeks discovery of information that is not relevant and disproportional to the needs of this litigation.

Coca-Cola's above-stated objections should be waived because Coca-Cola has failed to timely object to the requests for inspection and, thus, its objections should be deemed waived. *Bailey Indus., Inc.* 270 F.R.D. at 668. The same result should render even though Coca-Cola's objections are based, in part, upon a claim of privilege. *Fonville,* 230 F.R.D. at 42. Coca-Cola neither filed a request for an extension of time to respond to the request for inspection nor showed good cause to excuse its delay. *Ormeno,* 309 F.R.D. 29.

**RCDI's Request 6:**

A production model of the Freestyle 7000 micro-ingredient cartridge.

Coca-Cola objected to this request for inspection on the grounds that: (a) it is overbroad; (b) it is unduly burdensome; (c) it is vague and ambiguous because it fails to specify the proposed manner and time period of the inspection; (d) it calls

for confidential business information and/or competitively sensitive documents and information; (e) the term "production model" is vague and ambiguous, and fails to describe the requested inspection with sufficient particularly to enable Coca-Cola to meaningfully respond; (f) it seeks the inspection of information outside the possession, custody, or control of Coca-Cola; and (g) the term "micro-ingredient cartridge" is overbroad and unduly burdensome to the extent it seeks discovery of information that is not relevant and disproportional to the needs of this litigation.

Coca-Cola's above-stated objections should be waived because Coca-Cola has failed to timely object to the requests for inspection and, thus, its objections should be deemed waived. *Bailey Indus., Inc.* 270 F.R.D. at 668. The same result should render even though Coca-Cola's objections are based, in part, upon a claim of privilege. *Fonville,* 230 F.R.D. at 42. Coca-Cola neither filed a request for an extension of time to respond to the request for inspection nor showed good cause to excuse its delay. *Ormeno,* 309 F.R.D. 29.

**RCDI's Request 7:**

A production model of the Freestyle 9000 micro-ingredient cartridge pump.

Coca-Cola objected to this request for inspection on the grounds that: (a) it is overbroad; (b) it is unduly burdensome; (c) it is vague and ambiguous because it fails to specify the proposed manner and time period of the inspection; (d) it calls for confidential business information and/or competitively sensitive documents and

information; (e) the term "production model" is vague and ambiguous, and fails to describe the requested inspection with sufficient particularly to enable Coca-Cola to meaningfully respond; (f) it seeks the inspection of information outside the possession, custody, or control of Coca-Cola; and (g) the terms "micro-ingredient cartridge" and "pump" are overbroad and unduly burdensome to the extent they seek discovery of information that is not relevant and disproportional to the needs of this litigation.

Coca-Cola's above-stated objections should be waived because Coca-Cola has failed to timely object to the requests for inspection and, thus, its objections should be deemed waived. *Bailey Indus., Inc.* 270 F.R.D. at 668. The same result should render even though Coca-Cola's objections are based, in part, upon a claim of privilege. *Fonville,* 230 F.R.D. at 42. Coca-Cola neither filed a request for an extension of time to respond to the request for inspection nor showed good cause to excuse its delay. *Ormeno,* 309 F.R.D. 29.

**RCDI's Request 8:**

A production model of the Freestyle 8000 micro-ingredient cartridge pump.

Coca-Cola objected to this request for inspection on the grounds that: (a) it is overbroad; (b) it is unduly burdensome (specifically because the Freestyle 8000 which does not utilize the Freestyle app); (c) it is vague and ambiguous because it fails to specify the proposed manner and time period of the inspection; (d) it calls

for confidential business information and/or competitively sensitive documents and information; (e) the term "production model" is vague and ambiguous, and fails to describe the requested inspection with sufficient particularly to enable Coca-Cola to meaningfully respond; (f) it seeks the inspection of information outside the possession, custody, or control of Coca-Cola; and (g) the terms "micro-ingredient cartridge" and "pump" are overbroad and unduly burdensome to the extent they seek discovery of information that is not relevant and disproportional to the needs of this litigation.

Coca-Cola's above-stated objections should be waived because Coca-Cola has failed to timely object to the requests for inspection and, thus, its objections should be deemed waived. *Bailey Indus., Inc.* 270 F.R.D. at 668. The same result should render even though Coca-Cola's objections are based, in part, upon a claim of privilege. *Fonville,* 230 F.R.D. at 42. Coca-Cola neither filed a request for an extension of time to respond to the request for inspection nor showed good cause to excuse its delay. *Ormeno,* 309 F.R.D. 29.

**RCDI's Request 9:**

A production model of the Freestyle 7000 micro-ingredient cartridge pump.

Coca-Cola objected to this request for inspection on the grounds that: (a) it is overbroad; (b) it is unduly burdensome; (c) it is vague and ambiguous because it fails to specify the proposed manner and time period of the inspection; (d) it calls

for confidential business information and/or competitively sensitive documents and information; (e) the term "production model" is vague and ambiguous, and fails to describe the requested inspection with sufficient particularly to enable Coca-Cola to meaningfully respond; (f) it seeks the inspection of information outside the possession, custody, or control of Coca-Cola; and (g) the terms "micro-ingredient cartridge" and "pump" are overbroad and unduly burdensome to the extent they seek discovery of information that is not relevant and disproportional to the needs of this litigation.

Coca-Cola's above-stated objections should be waived because Coca-Cola has failed to timely object to the requests for inspection and, thus, its objections should be deemed waived. *Bailey Indus., Inc.* 270 F.R.D. at 668. The same result should render even though Coca-Cola's objections are based, in part, upon a claim of privilege. *Fonville,* 230 F.R.D. at 42. Coca-Cola neither filed a request for an extension of time to respond to the request for inspection nor showed good cause to excuse its delay. *Ormeno,* 309 F.R.D. 29.

**RCDI's Request 10:**

A production model of the Freestyle 9000 air card.

Coca-Cola objected to this request for inspection on the grounds that: (a) it is overbroad; (b) it is unduly burdensome; (c) it is vague and ambiguous because it fails to specify the proposed manner and time period of the inspection; (d) it calls

for confidential business information and/or competitively sensitive documents and information; (e) the term "production model" is vague and ambiguous, and fails to describe the requested inspection with sufficient particularly to enable Coca-Cola to meaningfully respond; (f) it seeks the inspection of information outside the possession, custody, or control of Coca-Cola; (g) the term "air card" is overbroad and unduly burdensome to the extent it seeks discovery of information that is not relevant and disproportional to the needs of this litigation; and (h) seeks information that is owned, managed, operated, and/or controlled by third parties.

Coca-Cola's above-stated objections should be waived because Coca-Cola has failed to timely object to the requests for inspection and, thus, its objections should be deemed waived. *Bailey Indus., Inc.* 270 F.R.D. at 668. The same result should render even though Coca-Cola's objections are based, in part, upon a claim of privilege. *Fonville,* 230 F.R.D. at 42. Coca-Cola neither filed a request for an extension of time to respond to the request for inspection nor showed good cause to excuse its delay. *Ormeno,* 309 F.R.D. 29.

**RCDI's Request 11:**

A production model of the Freestyle 8000 air card.

Coca-Cola objected to this request for inspection on the grounds that: (a) it is overbroad; (b) it is unduly burdensome (specifically because "the Freestyle 8000 does not utilize the Freestyle app"); (c) it is vague and ambiguous because it fails

to specify the proposed manner and time period of the inspection; (d) it calls for confidential business information and/or competitively sensitive documents and information; (e) the term "production model" is vague and ambiguous, and fails to describe the requested inspection with sufficient particularly to enable Coca-Cola to meaningfully respond; (f) it seeks the inspection of information outside the possession, custody, or control of Coca-Cola; (g) the term "air card" is overbroad and unduly burdensome to the extent they seek discovery of information that is not relevant and disproportional to the needs of this litigation; and (h) seeks information that is owned, managed, operated, and/or controlled by third parties.

Coca-Cola's above-stated objections should be waived because Coca-Cola has failed to timely object to the requests for inspection and, thus, its objections should be deemed waived. *Bailey Indus., Inc.* 270 F.R.D. at 668. The same result should render even though Coca-Cola's objections are based, in part, upon a claim of privilege. *Fonville,* 230 F.R.D. at 42. Coca-Cola neither filed a request for an extension of time to respond to the request for inspection nor showed good cause to excuse its delay. *Ormeno,* 309 F.R.D. 29.

**RCDI's Request 12:**

A production model of the Freestyle 7000 air card.

Coca-Cola objected to this request for inspection on the grounds that: (a) it is overbroad; (b) it is unduly burdensome; (c) it is vague and ambiguous because it

fails to specify the proposed manner and time period of the inspection; (d) it calls for confidential business information and/or competitively sensitive documents and information; (e) the term "production model" is vague and ambiguous, and fails to describe the requested inspection with sufficient particularly to enable Coca-Cola to meaningfully respond; (f) it seeks the inspection of information outside the possession, custody, or control of Coca-Cola; (g) the term "air card" is overbroad and unduly burdensome to the extent it seeks discovery of information that is not relevant and disproportional to the needs of this litigation; and (h) seeks information that is owned, managed, operated, and/or controlled by third parties.

Coca-Cola's above-stated objections should be waived because Coca-Cola has failed to timely object to the requests for inspection and, thus, its objections should be deemed waived. *Bailey Indus., Inc.* 270 F.R.D. at 668. The same result should render even though Coca-Cola's objections are based, in part, upon a claim of privilege. *Fonville,* 230 F.R.D. at 42. Coca-Cola neither filed a request for an extension of time to respond to the request for inspection nor showed good cause to excuse its delay. *Ormeno,* 309 F.R.D. 29.

**RCDI's Request 13:**

A production model of the Freestyle 9000 nozzle assembly.

Coca-Cola objected to this request for inspection on the grounds that: (a) it is overbroad; (b) it is unduly burdensome; (c) it is vague and ambiguous because it

fails to specify the proposed manner and time period of the inspection; (d) it calls for confidential business information and/or competitively sensitive documents and information; (e) the term "production model" is vague and ambiguous, and fails to describe the requested inspection with sufficient particularly to enable Coca-Cola to meaningfully respond; (f) it seeks the inspection of information outside the possession, custody, or control of Coca-Cola; and (g) the term "nozzle assembly" is overbroad and unduly burdensome to the extent it seeks discovery of information that is not relevant and disproportional to the needs of this litigation.

Coca-Cola's above-stated objections should be waived because Coca-Cola has failed to timely object to the requests for inspection and, thus, its objections should be deemed waived. *Bailey Indus., Inc.* 270 F.R.D. at 668. The same result should render even though Coca-Cola's objections are based, in part, upon a claim of privilege. *Fonville,* 230 F.R.D. at 42. Coca-Cola neither filed a request for an extension of time to respond to the request for inspection nor showed good cause to excuse its delay. *Ormeno,* 309 F.R.D. 29.

**RCDI's Request 14:**

A production model of the Freestyle 8000 nozzle assembly.

Coca-Cola objected to this request for inspection on the grounds that: (a) it is overbroad; (b) it is unduly burdensome (specifically because it seeks production of things related to the Freestyle 8000 which "does not utilize the Freestyle app"); (c)

it is vague and ambiguous because it fails to specify the proposed manner and time period of the inspection; (d) it calls for confidential business information and/or competitively sensitive documents and information; (e) the term "production model" is vague and ambiguous, and fails to describe the requested inspection with sufficient particularly to enable Coca-Cola to meaningfully respond; (f) it seeks the inspection of information outside the possession, custody, or control of Coca-Cola; and (g) the term "nozzle assembly" is overbroad and unduly burdensome to the extent it seeks discovery of information that is not relevant and disproportional to the needs of this litigation.

Coca-Cola's above-stated objections should be waived because Coca-Cola has failed to timely object to the requests for inspection and, thus, its objections should be deemed waived. *Bailey Indus., Inc.* 270 F.R.D. at 668. The same result should render even though Coca-Cola's objections are based, in part, upon a claim of privilege. *Fonville,* 230 F.R.D. at 42. Coca-Cola neither filed a request for an extension of time to respond to the request for inspection nor showed good cause to excuse its delay. *Ormeno,* 309 F.R.D. 29.

**RCDI's Request 15:**

A production model of the Freestyle 7000 nozzle assembly.

Coca-Cola objected to this request for inspection on the grounds that: (a) it is overbroad; (b) it is unduly burdensome; (c) it is vague and ambiguous because it

fails to specify the proposed manner and time period of the inspection; (d) it calls for confidential business information and/or competitively sensitive documents and information; (e) the term "production model" is vague and ambiguous, and fails to describe the requested inspection with sufficient particularly to enable Coca-Cola to meaningfully respond; (f) it seeks the inspection of information outside the possession, custody, or control of Coca-Cola; and (g) the term "nozzle assembly" is overbroad and unduly burdensome to the extent it seeks discovery of information that is not relevant and disproportional to the needs of this litigation.

Coca-Cola's above-stated objections should be waived because Coca-Cola has failed to timely object to the requests for inspection and, thus, its objections should be deemed waived. *Bailey Indus., Inc.* 270 F.R.D. at 668. The same result should render even though Coca-Cola's objections are based, in part, upon a claim of privilege. *Fonville,* 230 F.R.D. at 42. Coca-Cola neither filed a request for an extension of time to respond to the request for inspection nor showed good cause to excuse its delay. *Ormeno,* 309 F.R.D. 29.

## **CONCLUSION AND REQUESTS FOR RELIEF**

As a consequence of Coca-Cola's refusal and failure to engage in discovery in the time and manner required by the Federal Rules of Civil Procedure, Coca-Cola's objections should be deemed waived and Coca-Cola should be compelled to provide RCDI with full and complete answers to the Second Set of Interrogatories

and permit RCDI to inspect the items specified in the Requests for Inspection in the manner permitted by the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff hereby requests entry of an Order: (1) deeming Coca-Cola's untimely objections to RCDI's Second Set of Interrogatories and Requests for Inspection waived; (2) compelling Coca-Cola to provide full and complete responses to RCDI's Second Set of Interrogatories; (3) compelling inspection of the items identified in RCDI's Requests for Inspection in the manner requested therein; and (4) granting any further relief this Court deems just and proper.

## <u>Certificate of Good Faith Conference</u>

Pursuant to Federal Rule of Civil Procedure. 37 and Local Rule 37.1(A)(1), undersigned counsel hereby certifies that it has conferred with opposing counsel in an effort to obtain the requested discovery without the necessity of judicial intervention. These efforts were unsuccessful.

[Remainder of page left blank intentionally. The signature block and certificate of service appear on the following pages.]

Dated: April 26, 2017

Respectfully submitted,

By: */s/John C. Carey*
      John C. Carey

**CAREY RODRIGUEZ**
**MILIAN GONYA, LLP**
1395 Brickell Ave., Ste. 700
Miami, Florida 33131
Tel.: (305) 372-7474
Fax: (305) 372-7475

John C. Carey*
*jcarey@careyrodriguez.com*
Florida Bar No. 78379
Amy M. Bowers-Zamora**
*abowers@careyrodriguez.com*
Florida Bar No. 105755
Ernesto M. Rubi*
*erubi@careyrodriguez.com*
Florida Bar No. 92014

*Admitted pro hac vice*
**Pro Hac Vice Application*
*Pending*

**ATLAWIP LLC**
2065 Compton Way
Johns Creek, Georgia 30022
Tel.: (706) 593-2865
Fax: (770) 680-2461

Jeffrey T. Breloski
*jbreloski@ATLawip.com*
Georgia Bar No. 858291

*Counsel for Plaintiff Rothschild Connected Devices Innovations, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 26, 2017 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notice of Electronic Filing generated by CM/ECF.

By: <u>*/s/  John C. Carey*</u>
      John C. Carey
      Florida Bar No. 78379
      (*Admitted pro hac vice*)

      *Counsel for Plaintiff RCDI*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1</u>

I hereby certify that the foregoing document is written in 14-point Times New Roman font in accordance with Local Rule 5.1.

By: <u>*/s/  John C. Carey*</u>
   John C. Carey
   Florida Bar No. 78379
   (*Admitted pro hac vice*)

   *Counsel for Plaintiff RCDI*