# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE COCA-COLA COMPANY,<br><br>Defendant. | Civil Action No. 1:16-cv-01241-TWT |

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING SECOND MOTION TO COMPEL DISCOVERY

Plaintiff Rothschild Connected Devices Innovations, LLC ("RCDI"), pursuant to Northern District of Georgia Local Rule 7.2(E), respectfully moves the Court to reconsider its August 23, 2018 Order denying RCDI's Second Motion to Compel Discovery (the "Order") (D.E. 119). In support, RCDI states as follows:

### I. Introduction

On April 23, the Court denied RCDI's Second Motion to Compel Discovery (the "Motion") (D.E. 90). The Motion sought production by Defendant The Coca-Cola Company ("TCCC") of the software source code and database files for the

devices accused of infringement in this patent case.[1] The requested information, as the Motion explained, is relevant to RCDI's patent infringement claims and consists of technical information commonly discoverable in patent infringement cases.

As stated at the April 23 hearing on the Motion, the Court denied the Motion based solely on the finding that RCDI did not adequately meet and confer with TCCC before filing the Motion. Northern District of Georgia Local Rule 37.1 requires a movant to include the certification required by Rule 37, Fed. R. Civ. P., which requires a party moving for an order compelling discovery to include in its motion a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37.

Here, the record evidence clearly established that RCDI went above and beyond the meet-and-confer requirement with respect to the Motion, and conferred with TCCC several times prior to filing the Motion in an effort to obtain the source code and database files, and RCDI included a certificate of good faith conferral in

---

[1] The Motion sought additional discovery, including a corporate representative deposition and several documents mentioned at a previous deposition. For the purposes of this motion, however, RCDI is limiting this request for reconsideration of the Court's denial of RCDI's request for the Court to compel source code and database files. *See* Pl.'s 2d Mot. Compel Disco. (D.E. 90) at 3-16 (seeking to compel source code and database files requested in Pl.'s 2d Req. Produc., Req. Nos. 8-12, 16).

its Motion. RCDI clearly complied with Rule 37 and Local Rule 37.1. The Court should therefore reconsider its Order and compel TCCC to produce the highly relevant source code and database information.

## II.     Summary of Facts

In this patent infringement action, RCDI timely propounded requests for source code and database files. After noting TCCC's objections to the production of any source code, RCDI's counsel called TCCC's counsel on January 4, 2018. During that telephone conference, TCCC's counsel requested that RCDI explain why the requested source code is relevant to this action, so that TCCC may reconsider its objections with the benefit of additional information. *See* (D.E. 90-2) at 2 (memorializing telephone conference). Obliging this request, on January 26, RCDI sent a letter to TCCC, explaining the relevance of the source code. *See* (D.E. 90-2) at 2.  Notwithstanding the telephone conference and letter, on February 5, TCCC refused to produce the information. *See* (D.E. 90-3) (Feb. 5 letter). Having reached an impasse in attempting to resolve this dispute, RCDI filed its Motion, seeking an order compelling TCCC to produce the requested source code.

During the January 4th telephone conference, counsel for the parties also discussed RCDI's request for representative samples of database files. *See* (D.E. 93) at 5. TCCC's position was that it already produced some items responsive to RCDI's

3

request. *See id.* In its January 26 letter to TCCC, RCDI explained that TCCC's limited production was insufficient, and again asked that TCCC make a diligent and thorough search for all items responsive to the request. *See* (D.E. 90-2) at 2-3. But TCCC refused to produce all the requested database files. (D.E. 90-3) at 5. RCDI thereafter had no alternative except to file the Motion seeking an order compelling these documents from TCCC. The telephone conference and letter from RCDI, coupled with TCCC's refusal letter, satisfied the meet-and-confer requirements for the Motion on these items.

### III. Argument

Under Local Rule 7.2(E), "[w]henever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the clerk of court within twenty-eight (28) days after entry of the order or judgment." N.D. Ga. L.R. 7.2(E). Such absolute necessity arises where there is (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. *Manhattan Constr. Co. v. Phillips*, No. 1:09-CV-1917-WSD-AJB, 2011 WL 13214354, at *1 (N.D. Ga. July 29, 2011) (internal citations and quotations omitted)).

Here, this motion is timely because it is filed within twenty-eight days of the

4

Order. Reconsideration is warranted to correct a clear error of law or fact. Contrary to the Court's finding in denying the Motion, RCDI clearly met its Rule 37 and Local Rule 37.1 meet-and-confer obligations. RCDI conducted multiple attempts to confer with TCCC, in good faith, to obtain the requested items without the Court's intervention. As noted above—and as stated in the Motion—RCDI conferred with TCCC by telephone and written correspondence, to which TCCC responded. In submitting the Motion, RCDI included the good faith certificate required by Rule 37 (and Local Rule 37.1), because it had far exceeded the threshold requirements of a good faith conferral required by Rule 37.

The Court's Order, entered despite the evidence RCDI submitted demonstrating its good faith conferral efforts, has rendered a harsh and unexpected result: items relevant to RCDI's infringement analysis remain inaccessible to RCDI. Although the only basis of the Order was the finding that RCDI failed to adequately confer with TCCC prior to filing the Motion, the requested source code of the accused infringing products (the confidentiality of which would be protected by explicit provisions of the stipulated protective order (D.E. 27 at § 4)), is relevant and important to the infringement analysis in this case. Denial of the Motion based on a finding that RCDI did not adequately confer was a clear error that the Court should reconsider.

## IV. Conclusion

RCDI respectfully requests the entry of an order granting this motion, compelling production of the requested source code and database files, and for such other and further relief the Court deems just and proper.

Dated:    May 21, 2018                     By: */s/ David M. Levine*
                                                          David M. Levine

**CAREY RODRIGUEZ**                **ATLAWIP LLC**
**MILIAN GONYA, LLP**              2065 Compton Way
1395 Brickell Ave., Ste. 700       Johns Creek, Georgia 30022
Miami, Florida 33131               Tel.: (706) 593-2865
Tel.: (305) 372-7474

John C. Carey*
*jcarey@careyrodriguez.com*        Jeffrey T. Breloski
Florida Bar No. 78379              *jbreloski@ATLawip.com*
Amy M. Bowers-Zamora*              Georgia Bar No. 858291
*abowers@careyrodriguez.com*
Florida Bar No. 105755
David M. Levine*
*dlevine@careyrodriguez.com*
Florida Bar No. 84431              **Admitted pro hac vice*

*Counsel for Plaintiff Rothschild Connected Devices Innovations, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 21, 2018, a true and correct copy of the foregoing was served this day on all counsel of record identified on the Service List below via Notice of Electronic Filing and was electronically filed with the Clerk of the Court via CM/ECF.

By: <i>/s/ David M. Levine</i><br>David M. Levine

## SERVICE LIST

A. Shane Nichols
*Shane.Nichols@alston.com*
ALSTON & BIRD LLP
1201 W. Peachtree St. NW
Atlanta, GA 30309
Telephone:  (404) 881-7000
Facsimile:   (404) 881-7777

*Counsel for Defendant*
*The Coca-Cola Co.*

## CERTIFICATE OF COMPLIANCE WITH L.R. 5.1

I HEREBY CERTIFY that the foregoing document is written in 14-point Times New Roman font in accordance with Local Rule 5.1.

By: <i>/s/ David M. Levine</i><br>David M. Levine