# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, | ) ) ) |
| Plaintiff, | ) **Civil Action No.** ) **1:16-cv-01241-TWT** |
| v. | ) ) |
| THE COCA-COLA COMPANY, | ) ) |
| Defendant. | ) |

## DEFENDANT THE COCA-COLA COMPANY'S MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant The Coca-Cola Company ("Coca-Cola") moves the Court, under Fed. R. Civ. P. 12(f), to strike Plaintiff Rothschild Connected Devices Innovations, LLC's ("RCDI") First Amended Complaint, filed on August 9, 2018 (Doc. 136), or to at least strike the portions of RCDI's Amended Complaint that are inconsistent with RCDI's contentions and discovery responses as of the close of discovery. RCDI's Amended Complaint is untimely as it was not filed until more than three months after this Court ordered it to be filed, after the close of expert discovery, and after the summary judgment deadline.

### I.   FACTUAL BACKGROUND

This patent infringement action has been pending since RCDI filed its original complaint on October 30, 2015 in the Southern District of Florida. (Doc. 1.) RCDI's

original complaint included two major flaws that Coca-Cola discovered and brought to RCDI's attention in March of 2016. (Doc. 138-10 at 3-4, 6-8.) Shortly thereafter, RCDI filed a motion for leave to file an amended complaint (Doc. 35) in the Florida court, but then allowed its motion to sit pending for two years, until RCDI finally brought it to this Court's attention on April 23, 2018.

### A.   RCDI's Original Complaint

In its original complaint, RCDI accused Coca-Cola of willfully infringing "at least claim 13" of U.S. Patent No. 8,788,090 ("the '090 Patent"). (Doc. 1 at ¶34.) On March 3, 2016, Coca-Cola informed RCDI that Claim 13 had been expressly cancelled by the U.S. Patent Office, and had never been issued as part of the '090 Patent. (*See*, Doc. 138-10 at 6-8.) Coca-Cola also informed RCDI that its infringement allegations regarding Claim 1 of U.S. Patent No. 8,417,377 ("the '377 Patent") were nonsensical, because they accused the Coca-Cola Freestyle dispenser itself of being "a product to be consumed by a user." (*Id.* at 3-4.) In a March 7, 2016 email, counsel for RCDI agreed to withdraw from this case the '090 Patent outright, as well as Claim 1 of the '377 Patent. (Doc. 138-27.)

On March 17, 2016 – the day before opening claim construction briefs were due – RCDI filed a motion for leave to file an amended complaint. (Doc. 35.) In its motion for leave, RCDI sought to "drop[] the originally asserted '090 Patent and

drop[] originally asserted independent claim 1 of the '377 Patent." (*Id*. at 1.) RCDI attached a proposed amended complaint to its motion to amend. (Doc. 35-1.)

Though Coca-Cola opposed RCDI's motion for leave (Doc. 40) in the Florida court, it withdrew its opposition, during this Court's April 23, 2018 hearing on RCDI's discovery motions. (Ex. A, April 23, 2018 Hearing Transcript at 51:3-4.) At that hearing, this Court granted RCDI leave to file an amended complaint. (*Id*. at 51:5-6.) Nonetheless, for more than three months thereafter, RCDI failed to file an amended complaint.

Coca-Cola noted RCDI's failure to file an amended complaint in its August 8, 2018 motion for summary judgment, in connection with its argument that RCDI has refused to identify its infringement positions with any particularity.[1] (Doc. 133.) Only after Coca-Cola filed its Motion for Summary Judgment, did RCDI file its Amended Complaint—more than 3 months after this Court ordered it to do so. (Doc. 136.)

B.   **RCDI's Amended Complaint**

RCDI's Amended Complaint (Doc. 136) differs in several minor respects from the amended complaint RCDI proposed to file, in connection with its motion for leave. For example, Paragraph 15 includes a sentence that was not in RCDI's

---

[1] Coca-Cola's August 8, 2018 motion for summary judgment was replaced by its August 9, 2018 substituted motion. (Doc. 138.)

proposed amended complaint: "[Coca-Cola] touts the Freestyle dispenser's communication capability." (Doc. 136 at 5.) During an August 22 meet-and-confer, however, counsel for RCDI agreed to "only rely on paragraph 15 in the form in which it appeared in RCDI's proposed amended complaint." (Ex. C, August 22, 2018 Email from J. Carey.)

RCDI's Amended Complaint also requested the Court grant it an injunction (Doc. 136 at ¶25(b)), even though RCDI had previously told Coca-Cola it would withdraw its request for injunctive relief on February 26, 2018, in response to one of Coca-Cola's interrogatories. (Ex. B, RCDI's Response to Defendant's Third Set of Interrogatories at 3 ("RCDI will drop its request for injunctive relief, rendering this interrogatory irrelevant to any party's claim or defense.").)

### C. The Amended Complaint Raises New Infringement Allegations

As Coca-Cola noted in its Motion for Summary Judgment (Doc. 138 at 7-18), RCDI has never fully responded to Coca-Cola's interrogatories seeking RCDI's infringement contentions. After withdrawing the claims mentioned above, RCDI's original complaint only alleges infringement of Claim 11 of '377 Patent. (Doc. 1 at ¶21.) Although RCDI's proposed amended complaint (Doc. 35-1) alleges infringement of "claims 11-13, 15, 17, 19 and/or 21-25 of the '377 patent," (*id*. at ¶ 23) that proposed amended complaint never became the "operative complaint" in this case.

Despite Coca-Cola's repeated attempts to obtain RCDI's position as to which claims it asserted were infringed, RCDI never identified any claims of the '377 Patent, other than Claim 11, in its discovery responses. (*See*, Doc. 138 at 10-12.) It was not until one week before Coca-Cola's expert report on invalidity was due that RCDI's counsel finally stated – in an email, not in response to Coca-Cola's interrogatories – that RCDI was asserting not only Claim 11, but also Claims 12, 17, and 21-23. (*Id*.; Doc. 138-6.)

RCDI's Amended Complaint represents the first time that RCDI has formally asserted infringement of any claim of the '377 Patent other than Claim 11. Moreover, the list of asserted claims identified in RCDI's Amended Complaint (Claims 11, 12, 17, and 21-23) (Doc. 136 at ¶11) is different from both the claims identified in its proposed amended complaint (Claims 11-13, 15, 17, 19 and/or 21-25) (Doc. 35-1 at ¶23) and the claims identified as infringed in the report of RCDI's infringement expert, Mr. Charles Curley (Claims 11, 12, and 21-23) (Doc. 138-7 at ¶¶2-3).

## II. ARGUMENT

RCDI filed its Amended Complaint on August 9, 2018, after reviewing Coca-Cola's Motion for Summary Judgment. (Ex. D, August 9, 2018 Email from J. Carey.) Coca-Cola's Motion for Summary Judgment sets forth in detail how RCDI consistently refused to respond to Coca-Cola's discovery requests seeking RCDI's

positions as to infringement. (Doc. 138 at 7-18.) After reading Coca-Cola's Motion for Summary Judgment, RCDI filed its Amended Complaint in an apparent attempt to avoid the consequences of its refusal to respond meaningfully to Coca-Cola's discovery requests.

Federal Rule of Civil Procedure 12(f) explicitly gives courts the power to strike matter from a pleading that is immaterial or impertinent:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f).  RCDI's assertion of claims other than Claim 11 constitute immaterial and impertinent matter, in that they are inconsistent with the discovery record, because RCDI never formally alleged Coca-Cola's infringement of any claim other than Claim 11, during fact discovery.  *See, e.g., Fodor v. E. Shipbuilding Grp.*, No. 5:12-CV-28-RS-CJK, 2014 WL 50783, at *5 (N.D. Fla. Jan. 7, 2014) ("'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question" (citing to 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1382 (3d ed.2004)); *see also, Harrison v. Perea*, 168 U.S. 311, 319, 18 S. Ct. 129, 132, 42 L. Ed. 478 (1897)("All matter not material to the suit is regarded as impertinent.").

While Rule 12(f) motions to strike are generally disfavored, this Court has granted 12(f) motions to strike in cases where a pleading was untimely filed.  In

*Freedom Plastics*, this Court expressly endorsed the use of Rule 12(f) to strike untimely pleadings:

> Plaintiffs' belief that Fed. R. Civ. P. 12(f) may not be used to strike untimely pleadings is mistaken. ***An improperly filed pleading is "without legal effect" and therefore immaterial to the case.***

*Freedom Plastics, Inc. v. Sparta Polymers, LLC*, No. 2:11-CV-00334-WCO, 2013 WL 12290256, at *3 (N.D. Ga. Nov. 1, 2013) (citing *Baxter v. Strickland*, 381 F. Supp. 487 (N.D. Ga. Sep. 4, 1974)) (emphasis added).  The untimely filed amended complaint in *Freedom Plastics* – which this Court struck in its entirety – was also filed during the summary judgment stage.

The Court should strike RCDI's Amended Complaint to the extent it alleges infringement of claims other than Claim 11 of the '377 Patent.  In the alternative, the Court should strike the Amended Complaint in whole, because RCDI delayed filing its Amended Complaint until after the expert discovery period had come and gone, and after Coca-Cola had filed its Motion for Summary Judgment.

### A.   RCDI's Amended Complaint is Unfairly Prejudicial

Coca-Cola has been prejudiced by RCDI's untimely filed Amended Complaint, because it has been forced to defend itself against RCDI's vague and constantly evolving infringement allegations.  Ever since this case was filed on October 30, 2015, Coca-Cola has had to guess at what RCDI's infringement contentions are.  Even though Coca-Cola had a list of infringed claims from RCDI's

proposed amended complaint, that complaint was never the operative complaint in this case.  More importantly, RCDI refused to confirm or deny the accuracy of that list in its responses to Coca-Cola's interrogatories.

When RCDI's counsel finally identified its list of asserted claims (by email), it was not the same list as that included in RCDI's proposed amended complaint. (Doc. 138-6.)  When RCDI later served its expert report on infringement, its list of allegedly infringed claims omitted Claim 17 (Doc. 138-7 at 2), which was previously included in the email from RCDI's counsel.  (Doc. 138-6.)

In its August 21 request for a meet and confer, counsel for Coca-Cola noted to RCDI's counsel that it understood Claim 17 to have been previously withdrawn. (Ex. C.)  RCDI's counsel responded by email that "[t]he fact that Mr. Curley did not address claim 17 in his expert report is not a reason to strike that aspect of the amended complaint. We intend to prove infringement at trial of the additional limitations in claim 17 by way of fact testimony, not expert testimony." (*Id.*)

RCDI's Amended Complaint has unfairly prejudiced Coca-Cola, because Coca-Cola's expert witnesses purposefully did not address Claim 17 in their non-infringement reports, on the basis that RCDI had dropped Claim 17 from the case. RCDI's Amended Complaint has also unfairly prejudiced Coca-Cola, because – on the basis of RCDI's expert report on infringement – Coca-Cola did not move for summary judgment as to its non-infringement or the invalidity of Claim 17.  (*See*,

Doc. 138 at 12-14, 36.)  Though RCDI's counsel's retort is certainly true in one respect – RCDI's expert witness is not responsible for identifying RCDI's asserted claims – that ***does not excuse RCDI's failure*** to identify its asserted claims in response to Coca-Cola's interrogatories specifically seeking that information.  RCDI should not be permitted to use its untimely Amended Complaint to retroactively avoid the consequences of its refusal to respond in good faith to Coca-Cola's discovery requests.

The Court should strike RCDI's Amended Complaint to the extent it alleges infringement of any claim other than Claim 11 of the '377 Patent.  In the alternative, the Court should grant Coca-Cola leave to supplement its Motion for Summary Judgment to address non-infringement and invalidity as to Claim 17 of the '377 Patent.

### B. RCDI's Amended Complaint is Untimely

Though this Court granted RCDI leave on April 23, 2018 to file an amended complaint (Ex. A at 51:5-6), RCDI waited to file, until after the close of expert discovery and after Coca-Cola had already filed summary judgment.  (Doc. 136.)  As discussed above, this unfairly prejudiced Coca-Cola generally, and in particular in connection with its ability to have expert reports prepared, engage in expert discovery, and move for summary judgment on all asserted claims.

Coca-Cola requests that this Court strike RCDI's entire Amended Complaint as untimely, because RCDI failed to file it when this Court ordered it to do so, and failed to file it before the close of expert discovery or the summary judgment deadline.

### III. CONCLUSION

The Court should strike RCDI's Amended Complaint to the extent it alleges infringement of claims other than Claim 11 of the '377 Patent. In the alternative, the Court should strike the Amended Complaint in whole, because RCDI waited to file its Amended Complaint until after the expert discovery period had come and gone, and after Coca-Cola had filed its Motion for Summary Judgment.

Respectfully Submitted: August 23, 2018

ALSTON & BIRD LLP

By: */s/ A. Shane Nichols*
A. Shane Nichols
Georgia Bar No. 542654

1201 West Peachtree St. NW
Atlanta, GA 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
Email:   Shane.Nichols@alston.com

**ATTORNEYS FOR DEFENDANT
THE COCA-COLA COMPANY**

## CERTIFICATE OF SERVICE

    I hereby certify that on August 23, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record who are deemed to have consented to electronic service.

                                        */s/* A. Shane Nichols

                                        A. Shane Nichols
                                        Georgia Bar No. 542654
                                        ALSTON & BIRD LLP

                                        **ATTORNEY FOR DEFENDANT**
                                        **THE COCA-COLA COMPANY**

## **CERTIFICATE OF COMPLIANCE WITH LR 5.1**

I hereby certify that the foregoing document is written in 14 point Times New Roman font in accordance with Local Rule 5.1.

*/s/* A. Shane Nichols

A. Shane Nichols
Georgia Bar No. 542654
ALSTON & BIRD LLP

**ATTORNEY FOR DEFENDANT
THE COCA-COLA COMPANY**