## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ROTHSCHILD CONNECTED
DEVICES INNOVATIONS, LLC,

                Plaintiff,

v.

THE COCA-COLA COMPANY,

                Defendant.

Case No.:    1:16-cv-01241-TWT

## DEFENDANT THE COCA-COLA COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant The Coca-Cola Company ("Coca-Cola") hereby files its Response in Opposition to Plaintiff Rothchild Connected Devices Innovations, LLC's ("RCDI") Motion for Reconsideration (D.I. 341) ("Motion").  RCDI's motion should be denied because it fails to establish the "absolute necessity" required for reconsideration under the Local Rules, Federal Rules, and this Court's precedent.

## I.     PROCEDURAL BACKGROUND

On August 11, 2023, this Court entered an Order granting in part and denying in part Coca-Cola's motion for summary judgement  (D.I. 319).  In its Order, the Court found that Coca-Cola does not infringe Claim 11 of U.S. Patent No. 8,417,377.  This Court rejected RCDI's arguments that an apparatus claim cannot require a particular order or sequence.  (*See* D.I. 338 at 26) ("Claim 11's status as an apparatus

claim, even accepted as true, does not preclude the Court from reading its limitations as a sequential process").

The Court also rejected RCDI's argument that Coca-Cola had waived any argument as to the order of Claim 11 because it did not raise this issue during claim construction. *Id*. at 26-27. This Court explained that "Rothschild's argument is founded on the mistaken assumption that this Court would have to engage in claim construction anew to resolve the parties' sequencing dispute." *Id*. The Court explained that courts can resolve disputes over the scope of claim terms "as part of the infringement analysis, not part of claim construction." *See id*. (citing *Apple, Inc. v. Samsung Electronics Co., Ltd*., 2014 WL 252045 (N.D. Cal. Jan. 21, 2014)). To conduct this analysis, the Court further explained:

> this interpretive process is not altogether dissimilar from claim construction. In the infringement context, the court's task is to determine whether a reasonable jury, armed with the court's claim construction as to certain terms and an instruction that the plain and ordinary meaning controls as to others, could or would necessarily conclude that the asserted claim reads on an accused device.

(D.I. 338 at 27-28) (quotations omitted). The Court determined that further claim construction was not necessary to resolve the parties' sequencing dispute and proceeded to analyze the merits of Coca-Cola's sequencing arguments, and RCDI's arguments in opposition. *See id*. at 27-34.

RCDI now moves this Court for reconsideration of its Order granting Coca-Cola's motion for summary judgment as to noninfringement. However, RCDI fails

to raise any mistake or other reason that justifies a different outcome.  RCDI still raises the same *8-pages* of arguments regarding the necessity of claim construction to resolve the parties' sequencing dispute rejected by this Court: (1) that Claim 11 should not be construed to require a particular sequence (D.I. 334-1 at 60); (2) that the issue of ordering steps is a question of claim construction which Coca-Cola waived because it did not raise the issue during claim construction (*id*. at 60-61); and (3) that if the Court were to adopt the newly proposed claim construction, that RCDI be given an opportunity to amend its contentions and expert reports to address such new construction (*id*. at 64).  (*See* D.I. 341 at 2, 6-7, 10).

RCDI's arguments, however, do not identify any new evidence, developments in the law, clear error or manifest injustice that might justify a different decision by this Court.  Instead, Plaintiff "repackage[s] familiar arguments" and "improperly assumes that the Court did not consider [them], essentially arguing that the Court 'could have done better.'" *See Berkeley Ventures II, LLC v. Sionic Mobile Corp*., No. 1:19-CV-05523-SDG, 2020 WL 7321053, at *2–3 (N.D. Ga. Dec. 11, 2020). RCDI's motion does not meet this Court's standard for reconsideration and should be denied.

## II.   FACTUAL BACKGROUND

Coca-Cola incorporates as if fully restated herein, its Corrected Statement of Undisputed Material Facts (D.I. 321).

## III.   LEGAL STANDARD

Under Civil Local Rule 7.2(E), "[m]otions for reconsideration shall not be filed as a matter of routine practice" and should only be filed when "absolutely necessary." *Blue Mountain Holdings Ltd. v. Bliss Nutraceticals, LLC*, No. 1:20-CV-1837-TWT, 2022 WL 4130752, at *1 (N.D. Ga. Sept. 12, 2022) (Thrash, J.), *aff'd*, No. 22-13441, 2023 WL 5164472 (11th Cir. Aug. 11, 2023).  In particular, a party may only move for reconsideration when there is "(1) newly discovered evidence, (2) an intervening change in controlling law, or (3) the need to correct clear error or prevent manifest injustice." *Id.*  "A manifest error of law is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id*. (citing *Durden v. State Farm Fire & Cas. Co.*, 2017 WL 3723118, at *6 (N.D. Ga. Aug. 29, 2017) (internal citations omitted).

A party may not use a motion for reconsideration to "show the court how it could have done it better," "present the court with arguments already heard and dismissed," or "repackage familiar arguments to test whether the court will change its mind." *Id.*; *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).  "If a party presents a motion for reconsideration under any of these circumstances, the motion must be denied." *Bryan*, 246 F. Supp. 2d at 1259.

Although the Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration, they are common in practice.  *Blue Mountain Holdings*

*Ltd.,* 2022 WL 4130752, at *1 (N.D. Ga. Sept. 12, 2022).  *See, e.g.*, *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Engineers*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995) (Motions for reconsideration pursuant to Rule 60(b) are only proper under extraordinary circumstances or where the judgment in question may work an extreme or undue hardship.);  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *Michael Linet, Inc. v. Village of Wellington*, Fla., 408 F.3d 757, 763 (11th Cir.2005) ( "a Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.").

## IV.   ARGUMENT

### A.   RCDI Has Failed to Establish an Absolute Necessity Justifying Reconsideration of This Court's Order Granting Coca-Cola Noninfringement

RCDI's motion does not present newly discovered evidence, new developments in the law, or a manifest error or injustice.  Pursuant to L. R. 7.2(e), motions for reconsideration should only be filed when absolutely necessary. An absolute necessity arises where there is (1) newly discovered evidence; (2) an intervening development or change in controlling law or (3) the need to correct a clear error of law or prevent manifest injustice. *Blue Mountain Holdings Ltd.*, 2022 WL 4130752, at *1 (N.D. Ga. Sept. 12, 2022).  To demonstrate clear error, "the party moving for reconsideration must do more than simply restate his prior arguments."

*McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).  A motion for reconsideration is not an opportunity to instruct the court on how it should have done it better or to present arguments already heard and dismissed.  *U.S., ex rel. Powell v. Am. InterContinental Univ., Inc.*, 756 F. Supp. 2d 1374, 1377 (N.D. Ga. 2010).

RCDI's motion is merely a "repackaging" of eight pages of its previously advanced arguments (*see* D.I. 334-1 at 59-67), under the guise that they were "overlooked" by the Court in granting summary judgment of noninfringement. RCDI simply repeats the same arguments from its brief in opposition to Coca-Cola's motion for summary judgment, without identifying any new law or new facts, or any indicia of error by the Court.  (*See, e.g.,* D.I. 341 at 2, 6-7, 10 and D.I. 334-1 at 59-67).

The premise of RCDI's argument is that the Court did not consider or address RCDI's argument that the Freestyle system infringes even under the sequential limitation because the Freestyle App qualifies as a communications module.  This is the same argument that RCDI advanced in its opposition—the same argument that it quotes in the motion—verbatim.  (*See* D.I. 341 at 7-9).  This is not new evidence.

RCDI's arguments certainly were not "overlooked."  This Court analyzed the case law cited by the parties as the basis for rejecting RCDI's argument and explaining that courts can resolve disputes over the scope of claim terms "as part of

the infringement analysis, **not part of claim construction**." (*See* D.I. 388 at 27-28) (emphasis added).

RCDI's belief that these 8-pages somehow got "lost in the shuffle" is disingenuous. (D.I. 341 at 3). RCDI's arguments are nothing more than a restatement of its prior arguments, under the pretense that "its argument and evidence appears to have been lost in the shuffle" and was "overlooked by the Court." *Id.* RCDI may disagree with the Court's conclusion and assume that the Court did not consider its arguments, but that is not a proper basis for reconsideration. *See Berkeley Ventures II*, 2020 WL 7321053, at *2–3; *Bryan*, 246 F. Supp. 2d at 1259.

RCDI's relies on a single case, *Conrad,* for support that its "argument was overlooked by the Court." The court in *Conrad* granted defendants' motion to dismiss after mistakenly concluding that the plaintiff had failed to respond to defendant's argument. *See Conrad,* 2017 WL 3500364 at *1-2. The plaintiff had, however, addressed this argument in a single footnote that had been overlooked by the *Conrad* court. *Id.* at *2. On this basis, the court determined that it had, in fact, dismissed plaintiff's claim on the basis of that error and granted plaintiff's motion for reconsideration. *Id.* Here, RCDI contends that the Court overlooked its argument spanning *8-pages* of its opposition—hardly a footnote. Moreover, the

Court analyzes the argument RCDI claims was "overlooked" throughout the Order. (*See* D.I. 338 at 23-28, 32-34).

The effect of RCDI's Motion is to improperly "repackage familiar arguments," "show the court how it 'could have done it better,'" and "test whether the court will change its mind." *Bryan*, 246 F. Supp. 2d at 1259.  Quoting at length from its opposition brief, RCDI rehashes its position that "the Freestyle App in combination with the wireless modem" satisfies the communication module limitation and argues that "this evidence created an issue of material fact that *this Court should have held precluded summary judgment.*" (D.I. 341 at 7-10) (emphasis added) (quoting D.I. 334-1 at 64-67).  According to RCDI, had the Court not overlooked RCDI's argument, it would have granted "summary judgment *for RCDI* on th[is] point." (D.I. 341 at 10) (emphasis in original).  "This is precisely the kind of argument that the Local Rules and precedent prohibit." *Berkeley Ventures II*, 2020 WL 7321053, at *2.

RCDI is not the first to argue that the Court overlooked certain arguments as a pretext for improperly asking the Court to "rethink what it has already thought through" on a motion for reconsideration.  *See, e.g., Wilferd v. Digital Equity, LLC*, No. 1:20-CV-01955-SDG, 2021 WL 1814784, at *1-3 (N.D. Ga. May 5, 2021) (Denying motion for reconsideration where "the premise of Defendants' argument [was] that the Court ignored or overlooked certain arguments or representations in

their briefing" because "it is improper on a motion for reconsideration to ask the Court to rethink what it has already thought through."); *Lake v. Ray*, No. 1:13-CV-03960-ELR, 2016 WL 11504110, at *2 (N.D. Ga. Apr. 13, 2016) (Finding that reconsideration was not warranted where plaintiff argued that "there [was] nothing to indicate that [the Court] ever read any of the plaintiff's filings" because plaintiff improperly "argue[d] that the Court reached the wrong conclusion and failed to consider the positions raised at summary judgment."); *Berkeley Ventures II*, 2020 WL 7321053, at *2–3 ("Sionic argues that the Court misapplied the law by failing to substantively address its arguments....This is precisely the kind of argument that the Local Rules and precedent prohibit. Further, Sionic improperly assumes that the Court did not consider the parties' arguments, essentially arguing that the Court 'could have done better.'"); *Bryan*, 246 F. Supp. 2d at 1259 ("Bryan argues that the court misconstrued the law and overlooked important information when dismissing his claims against the attorneys and the judges. However, each of the arguments presented by Bryan has already been evaluated by the court. Accordingly, Bryan's motion for reconsideration simply repackages the arguments presented in opposition to the defendants' motion to dismiss."); *Simpson v. Carolina Builders Corp*., No. 1:03-CV-0758-HTW, 2006 WL 8435862, at *1 (N.D. Ga. May 1, 2006) (Denying motion for reconsideration where plaintiff argued that "the court failed to address [his] argument" regarding legislative intent, where "a review of plaintiff's response

and brief to the motion for summary judgment demonstrate[ed] that plaintiff made the same arguments about legislative intent...which he ma[de]" in his motion for reconsideration.); *Braswell v. Belk, Inc.*, No. 1:14-CV-185-TCB, 2015 WL 12852306, at *1 (N.D. Ga. Oct. 29, 2015) (Denying motion for reconsideration because "[d]efendant's motion [wa]s an attempt to repackage its unsuccessful summary judgment arguments, all predicated on evidence that was previously available."). RCDI's arguments are similarly disingenuous.

As with the movants in the cases cited above, RCDI merely reasserts its previous arguments out of an insincere concern that they were somehow overlooked or "lost in the shuffle." (D.I. 341 at 3). However, a motion for reconsideration is not an opportunity for a party to "restate [or improve upon] his prior arguments....or vent his dissatisfaction with the Court's reasoning." *McCoy*, 966 F. Supp. at 1223. Because RCDI fails to point to a legitimate basis for reconsideration—such as newly discovered evidence, developments in the law, clear error, or manifest injustice— RCDI's Motion should be denied.

### B. Coca-Cola's Reply Fully Addressed RCDI's Arguments

RCDI also (incorrectly) argues that Coca-Cola "completely failed" to address RCDI's claim construction based argument in its reply brief, and on this basis alone summary judgment was improper. (D.I. 341 at 11). Coca-Cola addressed RCDI's arguments in Section IV. C. of its reply brief. (D.I. 336 at 45) (this section is aptly

entitled, "Coca-Cola Needs No Additional Claim Construction to Prevail on Summary Judgment"). There, Coca-Cola explained that its noninfringement arguments are "solely based on the Court's prior decisions as to claim construction." *Id.* Coca-Cola further explained that the issues before the Court were (1) whether the Freestyle dispenser has an "identifier of the beverage"; and (2) whether the Freestyle dispenser has a communications module that can "receive user generated beverage product preferences based on the identity of the user and the identifier of the beverage from the server." *Id.* Coca-Cola further replied that because RCDI is unable to show that the accused products meet the claim limitations, it "attempts to paint Coca-Cola's non-infringement position as a claim construction argument. But Coca-Cola is not asking the Court to construe the limitations at issue. Coca-Cola's Motion (as well as its expert's opinion) is solely based on this Court's existing claim construction decisions." *Id.*

Moreover, the Court also noted Coca-Cola's reply to RCDI's argument that the sequencing order set forth in Claim 11 requires no claim construction. (D.I. 338 at 26) ("Coca-Cola counters, with little explanation, that it is not asking the Court to construe new claim language.").[1] Indeed, this Court rejected RCDI's argument that Coca-Cola waived any argument as to the order of Claim 11 because it did not raise

---

[1] Further, RCDI served a sur-reply to Coca-Cola's reply, and never raised this "issue." (*See* D.I. 337).

this issue during claim construction. *Id.* at 26-27. ("Rothschild's argument is founded on the ***mistaken assumption*** that this Court would have to engage in claim construction anew to resolve the parties' sequencing dispute.") (emphasis added). Accordingly, RCDI's argument that Coca-Cola failed to respond to its arguments lacks merit.

RCDI's reliance on unreported Florida case law, *Great Lakes* and *Condon* is misplaced. In *Great Lakes*, the third-party defendants entirely failed to address a theory of liability as it related to the record evidence, without any attempt to carry their burden of establishing the absence of a genuine issue of material fact. *Great Lakes Ins., SE v. SARL JFL, FI*, No. 20-60477-CIV, 2021 WL 6134788, at *6 (S.D. Fla. Oct. 8, 2021). Similarly in *Condon*, the defendant failed to meaningfully respond to the plaintiff's arguments, and simply copied and pasted its argument verbatim from its motion. *Conden v. Royal Caribbean Cruises Ltd*., No. 20-22956-CIV, 2021 WL 4973533, at *6 (S.D. Fla. June 21, 2021). Here, on the other hand, Coca-Cola responded to RCDI's argument, stating that the sequence set forth in Claim 11 requires no additional claim construction.

RCDI goes on to argue that a footnote in Coca-Cola's invalidity section of its reply also did not respond to RCDI's claim construction based argument relating to the sequence set forth in Claim 11 (D.I. 341 at 12). First, Coca-Cola responded to RCDI's claim construction based argument. *See supra*. Second, Coca-Cola's

footnote related to new opinions in RCDI's expert's January 3, 2023 declarations, which were untimely and improper. (*See* D.I. 336 at 11).

Next, RCDI argues that case law cited by Coca-Cola in its footnote is unreliable. But RCDI's conclusion that *Baker* is unreliable is unsupported by the *Baker* opinion and the cases on which it relies. *See Baker v. Indian Prairie Cmty. Unit, Sch. Dist. 204*, No. 96 C 3927, 1999 WL 988799, at *3 (N.D. Ill. Oct. 27, 1999) (citing *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 n. 6 (7th Cir. 1998)) (Note 6 provides a thorough explanation of Rule 26 expert reports and cites a string of case law, including four appellate courts and several district courts). RCDI's reliance instead on *Papyrus* is misplaced. In that case, the court applied the *Outley* factors, which have not been applied in Georgia or by the Eleventh Circuit. Furthermore, in the application of the *Outley* factors, the *Papyrus* court noted that the defendant would not be prejudiced because it had been granted the opportunity to depose the expert about the supplemental reports and to submit a rebuttal report. Here, the facts are completely inapposite. Indeed, RCDI even argued that "TCCC should be barred from introducing any supplemental expert testimony on reply." (*See* D.I. 334-1 at 18.)

RCDI then argues that the Court should not exclude its expert's supplemental declaration. RCDI is treating its Motion as a sur-reply and an opportunity to rehash its arguments in its opposition motion. (*See* D.I. 334-1 at 17-19). "A motion for

reconsideration should not be used to reiterate arguments that have previously been made ... '[It is an improper use of] the motion to reconsider to ask the Court to rethink what the Court [has] already thought through-rightly or wrongly." *Godby v. Electrolux Corp.*, No. CIV. 1:93-CV-126-ODE, 1994 WL 470220, at *1 (N.D. Ga. May 25, 1994) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc*., 99 F.R.D. 99, 101 (E.D. Va.1983)) (alterations in original); *In re Hollowell*, 242 B.R. 541, 542-43 (Bankr. N.D. Ga. 1999) ("Motions for reconsideration should not be used to relitigate issues already decided or as a substitute for appeal ... Such motions also should not be used to raise arguments which were or could have been raised before judgment was issued."). RCDI's Motion should be denied.

### C.     Reconsideration of RCDI's Repackaged Arguments Would be Pointless

RCDI claims the Court overlooked its argument that the "communication module" of Claim 11 could also be comprised of a ***combination*** of the Freestyle App running on a user's mobile device and the wireless modem within the Freestyle dispenser. Under RCDI's "combination theory" of infringement, the Freestyle dispensers would infringe if the Freestyle App performed some of the functionality of Claim 11's communication module (transmitting to a server), while the Freestyle dispenser's wireless modem performed the other functionalities (receiving from the server). But even if this Court were to reconsider RCDI's opposition to Coca-Cola's

motion for summary judgment, it would again grant summary judgment of noninfringement.

### 1.   RCDI's Improper Effort to Manufacture a Dispute of Fact Should Be Rejected

RCDI's claims that reconsideration is appropriate because there remains a dispute of fact in connection with its new "combination" infringement theory. The alleged factual dispute, however, has been improperly concocted based on a submission (with RCDI's opposition brief) of what RCDI styles the "contingent declaration" of one of RCDI's expert witnesses, Charles Curley (D.I. 333-7).

Obviously, Mr. Curley's Contingent Declaration was not in the record when Coca-Cola filed its motion for summary judgment. RCDI claims that the submission of Mr. Curley's Contingent Declaration was appropriate because he had "relied" on the Court's construction of the term "communication module" that did not include a sequencing limitation. (D.I. 341 at 15.) But RCDI's claim of detrimental reliance is nonsense. RCDI and Mr. Curley had been on notice for months before Coca-Cola filed its motion for summary judgment that this was Coca-Cola's position, which was supported by the June 2, 2022 report of its expert witness, Peter Alexander (D.I. 320-10). *See*, *e.g.*, Curley's Rebuttal Report, dated June 29, 2022, at ¶34 (D.I. 334-8). Moreover, this Court made no decisions or other indications—between Mr. Curley's submission of his expert reports and RCDI's opposition to Coca-Cola's motion for summary judgment—to suggest that the Court's prior claim construction

decisions were somehow altered.  That is, no "contingency" occurred that might justify the submission of Mr. Curley's Contingent Declaration.

Mr. Curley's Contingent Declaration was improperly and untimely submitted and should have been ignored in this Court's summary judgment analysis.  Mr. Curley's Contingent Declaration was improperly and untimely submitted. "Under Rule 26(a)(2), courts may exclude specific opinions or bases for the expert's opinions that were not fairly disclosed in the expert's report." *Palmer v. Asarco Inc*., 09-CV-0498-CVE-PJC, 2007 WL 2254343, at *2 (N.D. Okla. Aug. 3, 2007) (citing *Keach v. United States Trust Co.*, 419 F.3d 626, 641 (7th Cir. 2005)).  Although parties are permitted to supplement expert disclosures, Rule 26(e) "does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report."  *Id*., citing *Leviton Mfg. Co., Inc. v. Nicor, Inc.,* 2007 WL 1306759 *4 (D.N.M. April 20, 2007).

More importantly, the Curley contingent declaration ***contradicts*** Mr. Curley's timely-submitted expert reports in which he stated that the networking hardware and software within the dispenser is the communication module.  Mr. Curley's Rebuttal Report further reinforced his opinion that "the communication module element is satisfied by a cellular modem which is possessed by … the accused Freestyle dispensers as explained in my opening report." Curley's Rebuttal Report (D.I. 333-8 at ¶90).  Indeed, Mr. Curley specifically emphasized in his rebuttal report that he

was *not* taking the position that anything other than the Freestyle dispenser's wireless modem constituted Claim 11's communication module:

> [Coca-Cola's expert] Alexander proposes that a mobile app cannot be the communication module that is referred to in the infringement assertions. ***I have not examined or offered an opinion as to whether the mobile phone app constitutes the required communication module*** of the claims. Rather, my opinion is that the mobile app qualifies as "a user interface" under the Court's claim construction. I have offered an opinion that ***the cellular modems of the Freestyle dispensers are communication modules in all four accused devices***.

*Id*. at ¶107 (emphasis added).  Notably, Mr. Curley rendered this opinion in response to Coca-Cola's expert witness' report stating that the Freestyle App cannot constitute the communication module of Claim 11.

In addition to Mr. Curley, RCDI's unsuccessful infringement case relied on the expert report of Walter Overby.  In his expert report, Mr. Overby stated that the "networking hardware and software within the [Freestyle] dispenser is the "communication module."  (D.I. 333-9.)  Mr. Overby has never opined that the Freestyle App could comprise the communication module of Claim 11.

RCDI's submission of Mr. Curley's Contingent Declaration was simply an untimely attempt to artificially manufacture a dispute of fact by having Mr. Curley contradict his own timely-submitted expert reports.  Mr. Curley's Contingent Declaration is akin to a "sham affidavit" in which an affiant submits a sworn

affidavit that contradicts his prior sworn statements for the express purpose of manufacturing a dispute of fact.[2]

### 2.      RCDI Has Never Even Alleged That the Freestyle App is Coupled to a Controller

Claim 11 of the '377 Patent requires, among other things, that the communication module be "coupled" to a controller.  '377 Patent (D.I. 136-1) at Col 9, ll. 59-63.  The controller of Claim 11, moreover, must be configured to actuate at least one valve and to actuate a mixing chamber.  *Id*.  Never in the "yearslong" history of this dispute has RCDI ever contended that the Freestyle App is somehow "coupled" to a controller capable of actuating a valve and a mixing chamber.  Nor does RCDI bother to make that contention is its opposition to Coca-Cola's motion for summary judgment (D.I. 333-1), its sur-reply in opposition to Coca-Cola's motion for summary judgment (D.I. 337-1), or the present Motion for Reconsideration (D.I. 341).

RCDI and its expert witnesses have repeatedly alleged that the Freestyle dispenser "possesses a controller, which is coupled to the communication module (modem)."  *See*, *e.g.*, Curley Opening Report at ¶206 (D.I. 333-7).  RCDI's experts

---

[2] An affidavit may be excluded as a "sham" when the district court finds that the affidavit contradicts previous deposition testimony and the party submitting the affidavit does not give any valid explanation for the contradiction." *RICHARD V. HARRISON, Plaintiff-Appellant, v. MACY'S INC., Defendant-Appellee.*, No. 22-11357, 2023 WL 6140827, at *3 (11th Cir. Sept. 20, 2023) (internal quotation and citation omitted).

have repeatedly contended that the "accused Freestyle dispensers have a controller that is coupled to a communication module and that is 'capable of causing a valve to dispense an amount of a beverage element into a mixing chamber' and 'capable of causing the mixing chamber to mix a beverage responsive to user's beverage product preferences." *Id*.  But neither RCDI nor any of its experts has ever contended that the Freestyle App is a communication module coupled to the Freestyle dispenser's controller.

Even if this Court were to reconsider its Order granting summary judgment and treat Mr. Curley's Contingent Declaration as if it had been timely submitted, RCDI cannot prove a fact that it has never even contended in this case.  RCDI long ago waived any ability to contend at trial—for the first time—that the Freestyle App is a communication module because it is coupled to the Freestyle dispenser's controller.  And no reasonable juror could find that the Freestyle App constitutes a communication module coupled to the Freestyle dispenser's controller.

## V.    CONCLUSION

RCDI's motion is not based on newly discovered evidence, developments in the law, clear error, or manifest injustice.  Rather, RCDI's Motion merely repackages rejected arguments "to test whether the court will change its mind," and should therefore be denied.

Dated: September 22, 2023          Respectfully submitted,

By:     _/s/ Shane Nichols_

A. Shane Nichols (GA Bar No. 542654)
**MCDERMOTT WILL & EMERY LLP**
1180 Peachtree Street NE
Suite 3350
Atlanta, GA 30309
Tele:  +1 404 260 8535
Fax: +1 404 393 5260
shanenichols@mwe.com

Jodi Benassi, _Pro Hac Vice_
**MCDERMOTT WILL & EMERY LLP**
415 Mission Street, Suite 5600
San Francisco, CA 94105
Tele: +1 628 218 3800
jbenassi@mwe.com

_Attorneys for Defendant_
_The Coca-Cola Company_

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1 and 7.1(D), the undersigned counsel certifies that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14-point font.

 Dated: September 22, 2023

*/s/ Shane Nichols*

A. Shane Nichols (GA Bar No. 542654)
**MCDERMOTT WILL & EMERY LLP**


*Attorneys for Defendant*
*The Coca-Cola Company*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day, September 22, 2022, filed electronically via CM/ECF a true copy of the foregoing Defendant The Coca-Cola Company's Response to Plaintiff's Motion for Reconsideration using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

Dated: September 22, 2023

*/s/ Shane Nichols*
_____

A. Shane Nichols (GA Bar No. 542654)
**MCDERMOTT WILL & EMERY LLP**

*Attorneys for Defendant*
*The Coca-Cola Company*