IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROTHSCHILD CONNECTED
DEVICES INNOVATIONS, LLC,

       Plaintiff,

          v.

THE COCA-COLA COMPANY,

       Defendant.

CIVIL ACTION FILE
NO. 1:16-CV-1241-TWT

## OPINION AND ORDER

This is a patent infringement case. It is before the Court on Plaintiff's Motion for Reconsideration [Doc. 341]. For the reasons explained below, the Plaintiff's Motion for Reconsideration is DENIED.

## I.    Background

This case involves the Defendant Coca-Cola Company's alleged infringement of the Plaintiff Rothschild Connected Devices Innovations, LLC's patent, U.S. Patent No. 8,417,377 (the "'377 Patent"). As described in the '377 Patent's abstract, the underlying invention "enables a user, e.g., a consumer, to customize products containing solids and/or fluids by allowing a server communicating over the global computer network, e.g., the Internet, to provide product preferences of a user to a product or a mixing device, e.g., a product or beverage dispenser." ('377 Patent, at 1). At issue in this litigation are independent Claim 11 and dependent Claims 12-13, 17, and 21-23 (collectively, the "Asserted Claims") of the '377 Patent. (Pl.'s Infringement Contentions ¶ 1.)

Claim 11 discloses a beverage dispenser comprising:

> [1] at least one compartment containing an element of a beverage;
> [2] at least one valve coupling the at least one compartment to a dispensing section configured to dispense the beverage;
> [3] a mixing chamber for mixing the beverage;
> [4] a user interface module configured to receive and [sic] identity of a user and an identifier of the beverage;
> [5] a communication module configured to transmit the identity of the user and the identifier of the beverage to a server over a network, receive user generated beverage product preferences based on the identity of the user and the identifier of the beverage from the server and communication [sic] the user generated beverage product preferences to controller; and
> [6] the controller coupled to the communication module and configured to actuate the at least one valve to control an amount of the element to be dispensed and to actuate the mixing chamber based on the user genetated [sic] beverage product preferences.

('377 Patent, at 9:43-63). Rothschild alleges that Coca-Cola has infringed the Asserted Claims of the '377 Patent by using, selling, and offering to sell the "Freestyle" beverage dispenser and its related mobile application (the "Freestyle App"). (Am. Compl. ¶ 23; Pl.'s Infringement Contentions ¶¶ 1-2.) Coca-Cola moved for summary judgment of invalidity and noninfringement as to the Asserted Claims. (*See generally* Def.'s Br. in Supp. of Corrected Mot. for Summ. J. [Doc. 320-3]).

The Court issued an Opinion and Order on August 11, 2023 [Doc. 338] ("August 11 Order") granting summary judgment to Coca-Cola on noninfringement grounds. The Court found that Claim 11 of the '377 Patent involves a required sequence, which Coca-Cola's Freestyle dispenser did not follow. (August 11 Order, at 25-34). More specifically, the Court held that

2

Claim 11 requires the communication module to follow three steps in order: (1) transmit the identity of the user and the identifier of the beverage to the server, (2) receive user-generated beverage product preferences from the server, and (3) communicate the user-generated beverage product preferences to the controller. (*Id.* at 29-33). Since the Freestyle machine does not transmit the identity of the user and the identifier of the beverage to a server before dispensing the beverage, the Court found that Coca-Cola was entitled to a judgment of noninfringement on the Asserted Claims (*Id.* 33-34).

Rothschild now moves for reconsideration of the Court's Order granting summary judgment to Coca-Cola. (Pl.'s Br. in Supp. of Mot. for Recons., at 1). It argues that the Court overlooked Rothschild's argument that even if the Court finds there is a required sequence, the Freestyle App satisfies that requirement. (*Id.*, at 1-2). Rothschild asserts that there is a genuine issue of material fact given the evidence it presented in its Response to the Motion for Summary Judgment. (*Id.*, at 2). Accordingly, Rothschild concludes that the Court's Order granting summary judgment for noninfringement was incorrect and that the failure to consider its argument about the Freestyle App warrants reconsideration of that Order. (*Id.*, at 3).

## II.    Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts upon motion to alter or amend a judgment. *See* Fed. R. Civ. Proc. 59(e).

"The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). Although the Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration, they are common in practice.

Local Rule 7.2 states that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary." N.D. Ga. Local R. 7.2(E). In particular, a party may move for reconsideration when there is (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) the need to correct clear error or prevent manifest injustice. *See Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (11th Cir. 2010). A manifest error of law is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Durden v. State Farm Fire & Cas. Co.*, 2017 WL 3723118, at *6 (N.D. Ga. Aug. 29, 2017) (citation omitted). By contrast, a motion for reconsideration is not a "vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

### III.   Discussion

While Rothschild does not contend that there is newly discovered evidence or an intervening change of law, it argues reconsideration is appropriate because the Court overlooked its argument about the Freestyle App satisfying the sequential order requirement. (Pl.'s Br. in Supp. of Mot. for Recons., at 7). On the other hand, Coca-Cola asserts that the Court considered Rothschild's arguments and that Rothschild has failed to meet the standard for reconsideration. (Def.'s Br. in Opp'n to Mot. for Recons., at 5-7). The Court agrees that reconsideration is not warranted.

The Court did not overlook Rothschild's argument. Rather, the way the Court ruled on Rothschild's other arguments dispensed of the Freestyle App argument. In its brief opposing Coca-Cola's motion for summary judgment, Rothschild points to the Local Patent Rules, which permit parties to amend their infringement contentions in light of a claim construction ruling by the Court. (Pl.'s Br. in Opp'n to Corrected Mot. for Summ. J., at 64) (citing N.D. Ga. Local Pat. R. 4.5(c)). Rothschild goes on to state:

> If the Court adopted a new claim construction requiring the communication module to perform steps in the order proposed by [Coca-Cola], [Rothschild] would have ample basis to amend its contentions and expert reports in response to such a new construction by pointing to the Freestyle App as satisfying the new claim construction.

(Pl.'s Br. in Opp'n to Corrected Mot. for Summ. J., at 64). However, the condition precedent to this claim was never met since the Court ruled it was

5

not adopting a new claim construction. (August 11 Order, at 27-28).

      That ruling was not clear error. Interpretative questions as to the scope of limitations can—and often do—arise outside the claim construction process, and courts may consider whether an infringement argument raised on summary judgment fits within the plain and ordinary meaning of a claim term. *See Thorner*, *v. Sony Comput. Ent. Am., LLC*, 669 F.3d 1362, 1369 (Fed. Cir. 2012) ("The task of determining the degree of flexibility, the degree of rigidity that amounts to 'semi-rigid,' is part of the infringement analysis, not part of the claim construction. The district court is of course free on summary judgment to decide that there is no genuine issue of material fact that the accused products in this case do not meet the plain and ordinary meaning of the term 'flexible.'"). When courts do so, that does not open the gates for parties to change their arguments under Local Patent Rule 4.5(c). To rule otherwise would permit parties opposing summary judgment to repeatedly move the goalposts by changing their arguments and reopening discovery whenever they lose.

      To the extent that Rothschild is now seeking to reframe its argument, it is not permitted to do so on a motion for reconsideration. It is well established that a party cannot use a motion for reconsideration "to repackage familiar arguments; or to offer new legal theories or evidence that could have been presented with the previous motion or response." *Berkeley Ventures II, LLC v.*

*Sionic Mobile Corp*, 2020 WL 7321053, at *2 (N.D. Ga. Dec. 11, 2020) (compiling cases). Accordingly, the Court will not entertain any attempts by Rothschild to make its argument no longer depend on a finding that the sequential ordering requirement was a new claim construction.

Even if the Court did, it is not clear that the outcome of the August 11 Order would change. There is scant evidence on the record about how the Freestyle App performs the functions of the communication module in the required order. This is in large part because of the tactical decision by Rothschild not to include the Mobile App in its infringement contentions and expert reports related to the communication module, even though there is no evidence that the Freestyle machine modem itself sends a pre-pour message to the CDA Server. Given the sparse record, the Court is doubtful—even if it did consider Rothschild's repackaged arguments—that a reasonable jury would be able to conclude from the available evidence that the communication module limitation of Claim 11 was satisfied by the Freestyle App.

## IV.   Conclusion

For the foregoing reasons, the Plaintiff's Motion for Reconsideration [Doc. 341] is DENIED.

SO ORDERED, this ___7th___ day of November, 2023.

THOMAS W. THRASH, JR.
United States District Judge

7